**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4250**

_____

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

        v.

DIANE CONWAY HUTCHISON,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:12-cr-00004-MR-DLH-1)

_____

Submitted: October 23, 2013          Decided: November 6, 2013

_____

Before WILKINSON, SHEDD, and KEENAN, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diane Conway Hutchison appeals the twenty-one month sentence imposed after she pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343 (2006). The district court imposed this sentence after departing upward one criminal history category pursuant to U.S. Sentencing Guidelines Manual (USSG) § 4A1.3 (2012), based on its conclusion that Hutchison's criminal history category of I underrepresented her prior criminal conduct. Hutchison argues on appeal that the district court procedurally erred in failing to address her arguments against the departure and substantively erred in relying on an inaccurate factual premise to support the departure. We conclude that Hutchison's claims are meritorious, and accordingly vacate her sentence and remand for resentencing.

We review a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir.) (internal citation and quotation marks omitted), cert. denied, 133 S. Ct. 274 (2012). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an

opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2006) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. In reviewing any sentence outside the Guidelines range, the appellate court must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (citing Gall, 552 U.S. at 56); see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (sentencing court "must make an individualized assessment based on the facts presented") (citation and emphasis omitted).

Hutchison first contends that the district court failed to comply with the mandate of Gall and United States v. Lynn, 592 F.3d 572, 581 (4th Cir. 2010), that the sentencing court address the defendant's non-frivolous arguments for a sentence within the Guidelines range. The Government argues that the sentence is procedurally reasonable and that any error by the district court was harmless. The district court recognized that Hutchison's criminal history was properly determined in category I because Hutchison's seven prior

3

embezzlement convictions could not be counted separately. USSG § 4A1.2(a)(2). Other than noting that category I is the same category as a defendant with no prior criminal history, the court's explanation for its sentence did not address Hutchison's arguments against a departure. Nor did the court address those arguments at any other point in the sentencing proceedings. Thus, contrary to the Government's assertions, we conclude that the court procedurally erred. Further, the error was not harmless, as there is no indication in the record that the court would have imposed the same sentence if it had addressed Hutchison's arguments.

Hutchison also argues that the court substantively erred in characterizing her seven prior embezzlement convictions as providing repeated opportunities for rehabilitation. The Government argues that this is merely a recharacterization of the procedural argument asserted by Hutchison, and that the court acted within its discretion in imposing the sentence. We conclude that, although Hutchison asserts this is a substantive error, the district court procedurally erred in its characterization of Hutchison's criminal history, specifically that she "having been given repeated opportunities, simply did not get the message." The record reveals that Hutchison was convicted in 1998 of seven counts of embezzlement arising from her thefts from an employer over a seven-month period in 1994.

Hutchison apparently pled guilty and was sentenced for all seven counts on the same day. Thus, contrary to the district court's statement, Hutchison did not have repeated opportunities to learn from her prior crimes, and the court relied on an inaccurate factual basis for its departure.

The Government argues that the sentence is reasonable based on the district court's reference to the § 3553(a) factors. The court did not, however, impose a variance sentence, but a departure sentence. Although the court invoked certain § 3553(a) factors, nowhere in its explanation did the court state that, even without the departure, it would have imposed the same sentence as an upward variance from the Guidelines range.

We therefore vacate Hutchison's sentence and remand for resentencing.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] Having found procedural error, we express no opinion on the substantive reasonableness of Hutchison's sentence. On remand, the district court is free to determine whether a sentence outside the calculated Guidelines range is appropriate.